FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>AUSTIN DESHANE VALENTINE,<br><br>　　　　　　Defendant. | No.　2:25-CR-00095-RLP-3<br><br>ORDER DENYING DEFENDANT'S MOTION TO SEVER DEFENDANT OR, IN THE ALTERNATIVE, SEVER COUNTS |

Before the Court is Austin Valentine's Motion to Sever Defendant or, in the Alternative, Sever Counts, ECF No. 86. The Government opposes the Motion, ECF No. 87.

The Court held oral argument on the matter on February 3, 2026. Mr. Valentine was present and represented by Dustin Marcello. The Government was represented by Assistant United States Attorney Caitlin Baunsgard. For the reasons set forth below and on the record, Mr. Valentine's Motion is denied.

BACKGROUND

On October 22, 2025, the United States filed a Superseding Indictment against co-defendants Austin Deshane Valentine, Jackson Wyatt Brown, and Roman Andres Gonzales. ECF No. 40. Count 1 charges Defendant Brown with

ORDER DENYING DEFENDANT'S MOTION TO SEVER DEFENDANT OR,
IN THE ALTERNATIVE, SEVER COUNTS- 1

distribution of methamphetamine on May 13, 2025. Counts 2-5 arise out of an incident on May 15, 2025 involving methamphetamine and an armed robbery over a drug debt. All three defendants are alleged to have been involved in the May 15 incident, although Mr. Valentine is charged only in the counts involving the robbery (Counts 3 and 5). Count 6 charges Defendant Gonzalez with unlawful possession of a firearm on May 17, 2025.

The Court has very little information regarding the factual basis for the Superseding Indictment. Instead, the Court relies on the parties' proffers. Count 1 involved Defendant Brown selling methamphetamine to an informant. Mr. Valentine was not involved in this transaction. Counts 2-5 involved a different informant, identified in the Superseding Indictment as Victim 1.

According to the Government, all three defendants conspired to rob Victim 1 in order to collect a drug debt owed to Defendant Brown. The planned robbery took place at Mr. Valentine's residence on May 15, 2025. Victim 1 reported the robbery to law enforcement. During the follow-up investigation, law enforcement interviewed Defendant Gonzalez on May 19, 2025 and Defendant Gonzalez turned over the firearm at issue in Count 6.

DISCUSSION

*Rule 8(b) Joinder of Defendants*

Federal Rule of Criminal Procedure 8(b) governs the joinder of multiple

defendants. Defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Joinder of multiple defendants is proper when all offenses charged in the indictment arose from the "same series of transactions constituting an offense or offenses" and each defendant must be connected to that series. *United States v. Satterfield*, 548 F.2d 1344, 1344 (9th Cir. 1977). Mere similarity in conduct or association is not enough. *United States v. Vasquez-Velasco*, 15 F.3d 833, 833–34 (9th Cir. 1985). The indictment itself must show a factual or logical connection linking each defendant to the same series of acts. *United States v. Feliz-Gutierrez*, 940 F.2d 1200, 1208 (9th Cir. 1991).

The logical relationship may be shown when there is a "common plan, scheme, or conspiracy." *Id.* "A logical relationship may also be shown if the common activity constitutes a substantial portion of the joined charges." *United States v. Sarkisian*, 197 F.3d 966, 976 (9th Cir. 1999) (quoting *Valsquez-Velasco*, 15 F.3d at 844) (internal quotations omitted). When defendants are charged together, the Court must determine whether their alleged participation in the criminal activity is sufficiently connected to justify joint prosecution. *Id.*

Mr. Valentine was properly charged with his co-defendants. The bulk of the Superseding Indictment—Counts 2-5—alleges a joint venture by Mr. Valentine and his co-defendants to rob Victim 1 at gun-point over a drug debt owed to

Defendant Brown. Count 1 is sufficiently related to Counts 2-5 because it involved a drug sale that served as part of Defendant Brown's on-going drug trafficking enterprise. Count 6 is sufficiently related because it involved recovery of a firearm during the investigation of the robbery from Defendant Gonzalez.

*Rule 14 - Relief from Prejudicial Joinder*

Even when defendants or counts are properly joined under Rule 8, Federal Rule of Criminal Procedure 14(a) provides that "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

The burden is on the defendant to show that compelling and severe prejudice leaves severance as the only option for providing a fair trial. *Valsquez-Velasco*, 15 F.3d at 845–846. When defendants are properly joined, a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial will (i) compromise a specific trial right or (ii) prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933 (1993). The Supreme Court has expressed that "[m]utually antagonistic defenses are not prejudicial *per se*" and that careful limiting instructions will often suffice to cure prejudice. *Id*. at 538–39, 540–41.

The probability of prejudice increases as the defenses move beyond the merely inconsistent to the antagonistic. *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991). To grant severance a court must find that "the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." *United States v. Mayfield*, 189 F.3d 895, 899–900 (9th Cir. 1999) (quoting *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir.1996)).

The Ninth Circuit has likewise found prejudice where the bulk of the joint-trial evidence had little to do with the moving defendant, making meaningful compartmentalization unrealistic. *United States v. Donaway*, 447 F.2d 940, 943 (9th Cir. 1971). Still, severance is not justified merely because the defendant might have a better chance of acquittal in a separate trial; absent a concrete showing of spillover that can't be cured, limiting instructions will often suffice. *United States v. Rasheed*, 663 F.2d 843, 854–855 (9th Cir 1981); *Zafiro*, 506 U.S. at 540–41.

Mr. Valentine argues that even if joinder is technically proper, he faces unfair prejudice from "spillover" evidence—specifically regarding the alleged brandishing of a firearm—and mutually antagonistic defenses. The Government maintains that any potential prejudice can be cured by limiting instructions and that the defenses are not mutually exclusive to the point of requiring severance.

//

Here, while the charges against Mr. Valentine are distinct from those against involving only his co-defendants, the evidence underlying the charges is interrelated. Evidence of Defendant Brown's drug trafficking and desire to recover a drug debt at gunpoint are directly relevant to proving the motive and means of the robbery and conspiracy charges. Any potential spillover prejudice to Mr. Valentine can be addressed through the Court's jury instructions.

Mr. Valentine also argues that the defendants will present mutually exclusive defenses. However, the Supreme Court has made clear that "mutually antagonistic defenses are not prejudicial *per se*." *Zafiro* at 538. Even when defendants present conflicting defenses, severance is not required unless the jury cannot reasonably be expected to make individual determinations of guilt. *Id*. at 539. Here, Mr. Valentine has not demonstrated that the defenses will be so mutually exclusive that the jury will be unable to assess guilt or innocence on an individual and independent basis.

## CONCLUSION

Based on the foregoing, the offenses in the Superseding Indictment were properly jointed under Rule 8. And Mr. Valentine has not met his burden of demonstrating that a joint trial would result in such severe prejudice that severance is required under Rule 14. Mr. Valentine's Motion to Sever, **ECF No. 86**, is therefore **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** February 5, 2026.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　REBECCA L. PENNELL
　　　　　　　　　　　　　　　　　DISTRICT COURT JUDGE